UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:05CV2193 RWS<br>) |
| NATIONAL UNION INSURANCE, COMPANY OF PITTSBURGH, PENNSYLVANIA, | )<br>)<br>)<br>) |
| Defendant/Third-Party Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| RELIANCE NATIONAL INSURANCE, COMPANY, | )<br>)<br>) |
| Third-Party Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Travelers Property Casualty Company of America's ("Travelers") "Motion to Amend/Correct the Scheduling Order and for Leave to File Plaintiff's First Amended Complaint" [#20]. The motion will be granted in part. Additionally, because it appears that the underlying events that gave rise to this lawsuit all occurred in Kansas City, Missouri, the parties shall show cause why this case should not be transferred to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404(a).

This case arises out of an explosion at the Kansas City Power & Light Company's ("KCPL") Hawthorn Generating Station in Kansas City, Missouri. Travelers, Defendant/Third Party Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National

Union"), and Third-Party Defendant Reliance National Insurance Company ("Reliance") are alleged to be the insurers of KCPL.

According to the allegations, National Union issued an insurance policy to KCPL insuring $75 million of the first $100 million worth of damages and $100 million of the second $100 million of the primary layer of insurance. Reliance issued an insurance policy in the primary layer of insurance of $25 million of the first $100 million in damages. Travelers issued an excess insurance policy with limits of $100 million in excess of the $200 million insured by National Union and Reliance.

On February 17, 1999, a boiler explosion occurred at KCPL's Hawthorn Generating Station in Kansas City, Missouri. As a result of the explosion, KCPL made a claim under the primary layer of insurance for $200 million and under the excess policy for $85,870,731. National Union and Reliance paid KCPL $200 million. Travelers paid KCPL $10 million dollars to resolve the excess insurance policy.

National Union, Reliance, and KCPL entered into an allocation agreement where they agreed to jointly prosecute claims against third parties they alleged were responsible for the explosion. Pursuant to the agreement, National Union, Reliance, and KCPL brought suit in the Circuit Court of Jackson County, Missouri, in the case styled <u>Kansas City Power & Light Company v. Bibb & Associates, Inc., et al.</u> National Union and KCPL settled with several parties for $126,592,696.12. KCPL obtained a jury verdict against the only remaining defendant for $97,622,191.16. The judgment was reduced by the trial judge to $190,000.

KCPL appealed the trial judge's decision to reduce the judgment, and on May 9, 2006, the Missouri Court of Appeals for the Western District of Missouri reversed the reduction of the

judgment and remanded the case with directions to enter judgment for KCPL in the amount of $97,622,191.16. Kansas City Power & Light Company v. Bibb & Associates, Inc., 2006 Mo. App. LEXIS 618 (Mo. Ct. App. 2006).

Travelers now represents that it did not make KCPL a party to this action when it was filed because, as part of a settlement agreement, travelers and KCPL agreed not to pursue recovery in this case until after the Missouri Court of Appeals issued its decision in the state court case. Travelers now seeks to add KCPL as a party. In its proposed Amended Complaint, Travelers seeks a declaratory judgment against KCPL that Travelers has a superior interest in any monies recovered through subrogation and that Travelers is entitled to reimbursement of the $10 million it paid to KCPL from amounts KCPL recovered in the state court case.

Under Fed. R. Civ. P. 15(a), "leave [to amend pleadings] shall be freely given when justice so requires." I find that justice requires that I allow Travelers to amend its complaint to add KCPL as a party, and I will grant the motion as far as it requests leave to amend.

Because KCPL will be added as a party to this case, and because it appears that all of the events that gave rise to this lawsuit occurred in Kansas City, Missouri, it may be appropriate to transfer this case to the United States District Court for the Western District of Missouri.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

There are no allegations by any party that any event giving rise to this lawsuit occurred in the Eastern District of Missouri. Nor are there any allegations that any party or witness to this case is located within this District.

As a result, the parties shall show cause why this case should not be transferred to the United States District Court for the Western District of Missouri.

Because this case may be transferred to another court, I will withhold ruling on whether the Case Management Order should be amended at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Travelers' Motion to Amend/Correct the Scheduling Order and for Leave to File Plaintiff's First Amended Complaint [#20] is **GRANTED in part**. Kansas City Power & Light shall be added as Defendant.

**IT IS FURTHER ORDERED** that the parties shall show cause why this case should not be transferred to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404(a) in writing and **no later than ten (10) days from the date of this Order**.

Dated this 19th day of June, 2006.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE